BELSOME, J.,
Dissents with Reasons.
hi agree with the majority’s assertion that an insurance agent has a duty when advising clients. However under the facts and circumstances of this ease I disagree that the duty was breached. Therefore, I must dissent.
In the instant case, this Court was not faced with an unsophisticated buyer. During the time relevant to this appeal, the chairman of the Building Grounds Committee for Newman School was an attorney, who was involved in the assessment of insurance coverage. Also, two other Board of Governors members were professional insurance agents specializing in commercial property and casualty coverages.
Furthermore, the record indicates that increases in business income and extra expense coverage (BI/EE) were periodically offered and rejected. Quotes were given for $500,000 and $750,000 limits. In 2003, Newman increased the BREE coverage from $250,000 to $350,000. Clearly, this was a calculated business decision made by clients who were knowledgeable and informed professionals. The record is void of any evidence to suggest that even though Newman declined limits of $750,000, it would have purchased the $14,000,000 in coverage necessary to protect its potential loss of tuition. In this particular case, there was no breach of the agent’s duty. Thus, I find that the trial court was manifestly erroneous in its ^determination that the defendants, J. Everett Eaves, Inc. and Westport Insurance *470 Group were negligent.[1] Accordingly, I would reverse the trial court.

. Appellate courts review factual determinations made by the trial court using the manifest error or clearly wrong standard of review. Rosell v. ESCO, 549 So.2d 840, 844 (La.1989). Reversing the trial court's factual findings is warranted if we find no reasonable factual basis exists for the trial court’s findings and that the findings are wrong or “manifestly erroneous” according to the record. Man v. Hill, 505 So.2d 1120, 1127 (La.1987).